UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | | |
|---|---|---|
| LARRY CRANSTON BROOKS, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 16-6-HRW |
| | ) | |
| V. | ) | |
| | ) | |
| JODIE L. SNYDER-NORRIS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Larry Cranston Brooks is an inmate confined at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without counsel, Brooks has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking relief from the enhancement of his 2009 federal sentence pursuant to *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276 (2013). [D. E. No. 1]

On April 15, 2008, a federal grand jury in Pittsburgh, Pennsylvania issued an indictment charging Brooks with conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C. § 846. A jury convicted him of that single count following a one-day trial. The presentence report concluded that the career offender enhancement found in the Sentencing Guidelines, U.S.S.G. § 4B1.1(a), applied to Brooks because he had at least two prior convictions for a crime of violence, including a 1991 conviction for attempted robbery and convictions for

robbery in 1992 and 1993. In his sentencing memorandum, Brooks' counsel conceded that § 4B1.1(a) applied to him, but nonetheless objected to its application and sought a downward variation from the guidelines range. On April 1, 2009, the trial court applied the career offender enhancement based upon the two robbery convictions, but sentenced Brooks at the bottom of the advisory guidelines range to a 210-month term imprisonment. *United States v. Brooks*, No. 2: 08-CR-167-ANB-1 (W.D. Pa. 2008).

Brooks did not challenge his sentence on direct appeal, and the Third Circuit affirmed his conviction over his objection to the admission of wiretap evidence and challenge to the sufficiency of the evidence. *United States v. Brooks*, 351 F. App'x 767 (3d Cir. 2009). Brooks then filed a motion to vacate pursuant to 28 U.S.C. § 2255, contending in part that his counsel was ineffective for failing to challenge the career offender enhancement. The trial court denied that motion on February 9, 2012, and the Third Circuit denied Brooks a certificate of appealability shortly thereafter.

In his petition, Brooks states that "[i]n light of the Supreme Court's recent decision in [*Descamps*], Mr. Brooks is no longer an (*sic*) career criminal because his two robbery convictions in Allegheny Conty (*sic*) no longer qualify as 'violent felonies.'" [D. E. No. 1 at p. 5] Brooks offers no explanation how *Descamps* applies to his sentence or argument in support of his request for relief.

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Brooks' petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts the petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Brooks has made no effort to identify the nature of his argument under *Descamps*; the Court is therefore left with only the decision itself. In *Descamps*, the Supreme Court noted that when a court is determining whether a prior conviction qualifies as a valid predicate offense under the ACCA, it must generally use the "categorical approach" by examining only the elements of the statute which defines the offense and then comparing them with the elements of the "generic" offense. *Id.* at 2281. It further held that resort to the "modified categorical approach" is permitted, but only where the underlying statute is divisible because it permits conviction in alternative circumstances, one of which falls within the "generic" offense and one of which does not. Only where such circumstances exist

is it necessary to refer to other documents in the defendant's underlying trial, such as the indictment or jury instructions, to determine whether the defendant was convicted of conduct that falls within the "generic" offense, and thus qualifies as a valid predicate under § 924(e). *Descamps*, 133 S. Ct. at 2281, 2284-86.

Brooks' petition must therefore fail for at least two reasons. First, he may not pursue his claim under *Descamps* in this proceeding because his challenge to his sentence, as opposed to his conviction, does not fall within the reach of the savings clause found in 28 U.S.C. § 2255(e). *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001) (vacating habeas relief where petitioners "do not argue innocence but instead challenge their sentences. Courts have generally declined to collaterally review sentences that fall within the statutory maximum."). Brooks' 210-month sentence was below the statutory maximum sentence of 240 months. This rule therefore precludes Brooks from resorting to § 2241 to challenge the career offender enhancement. *Cf. Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("Hayes does not assert that he is actually innocent of his federal offenses. Rather, he claims actual innocence of the career offender enhancement. The savings clause of section 2255(e) does not apply to sentencing claims."); *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012) (affirming denial of § 2241 petition challenging ACCA enhancement on ground that prior conviction for burglary did not constitute a "violent felony" under *Begay* because "it is a

4

sentencing-error case, and claims of sentencing error may not serve as the basis for an actual innocence claim."). Other circuits follow this approach. See *Smith v. Warden Lewisburg USP*, 614 F. App'x 52 (3d Cir. 2015) (claim challenging career offender enhancement under *Descamps* may not be pursued under § 2241); *Wilson v. Warden, FCC Coleman*, 581 F. App'x 750 (11th Cir. 2014) (same); *Whittaker v. Chandler*, 574 F. App'x 448 (5th Cir. 2014).

Even if Brooks could bring his claim under § 2241, *Descamps* does not assist him. Both the "categorical approach" and the "modified categorical approach" courts use to determine whether a prior state offense constitutes a valid predicate for application of the career offender enhancement are based upon Supreme Court precedent decided well before Brooks' conviction became final. *See Taylor v. United States*, 495 U.S. 575 (1990), *Shepard v. United States*, 544 U.S. 13 (2005). *Descamps* only clarified that resort to the modified categorical approach is not appropriate where the underlying state conviction was pursuant to an indivisible statute. *Descamps*, 133 S. Ct. at 2284-86. Brooks makes no allegation that the government or the trial court impermissibly analyzed his prior offenses using the modified categorical approach to an indivisible statute, and hence provides no basis for habeas relief.

Accordingly, **IT IS ORDERED** that:

5

1.  Petitioner Brooks' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED**.

2.  Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

3.  This action is **DISMISSED** and **STRICKEN** from the Court's docket.

This 22nd day of February, 2016.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge